[Cite as *Cent. Mtge. Co. v. Bonner*, 2013-Ohio-3876.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| CENTRAL MORTGAGE COMPANY, | : | |
| | | CASE NO. CA2012-10-204 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 9/9/2013 |
| - vs - | : | |
| | : | |
| AUDREY BONNER, et al., | : | |
| Defendants-Appellant. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2012-01-206

Carlisle, McNellie, Rini, Kramer & Ulrich Co., LPA, Eric T. Deighton and C. Scott Casterline, 24755 Chagrin Boulevard, Suite 200, Cleveland, Ohio 44122-5690, for plaintiff-appellee

James E. Kolenich, 9435 Waterstone Boulevard, Suite 140, Cincinnati, Ohio 45249, for defendant-appellant, Audrey Bonner

Nicole Randall, Collections Enforcement Section, 150 East Gay Street, 21st Floor, Columbus, Ohio 43215, for defendant, State of Ohio, Department of Taxation

Nicholas J. Pantel, 221 East Fourth Street, Suite 400, Cincinnati, Ohio 45202, for defendant, United States of America

Peter Saba, 2623 Erie Avenue, P.O. Box 8804, Cincinnati, Ohio 45208, for defendant, Gristmill at Waldon Ponds & Waldon Ponds Home Owners Association

Michael T. Gmoser, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for defendant, Butler County Environmental Services

**M. POWELL, J.**

{¶ 1}  Defendant-appellant, Audrey Bonner, appeals a decision of the Butler County Court of Common Pleas granting summary judgment and a decree of foreclosure in favor of plaintiff-appellee, Central Mortgage Company (Central Mortgage).  For the reasons stated below, we affirm the judgment of foreclosure.

{¶ 2}  On February 29, 2008, Bonner executed a promissory note in favor of Vandyk Mortgage Corporation (Vandyk), in the principal amount of $241,775 to purchase a home in Hamilton, Ohio.  The note was secured by a mortgage on the property.  The loan was modified twice, in 2010 and in 2011.  Later, Vandyk assigned its interest in the mortgage to Central Mortgage.

{¶ 3}  Central Mortgage filed a foreclosure complaint against Bonner on January 17, 2012.  Subsequently, Central Mortgage moved for summary judgment.  In support of its summary judgment motion, Central Mortgage submitted an affidavit of Janice Davis, Vice-President of Central Mortgage and attached the originally executed note and mortgage between Bonner and Vandyk.  Central Mortgage also attached two loan modification agreements between Vandyk and Bonner.  Lastly, Central Mortgage included the document that assigned the mortgage from Vandyk to Central Mortgage.

{¶ 4}  In response, Bonner filed a memorandum in opposition to summary judgment and a motion to strike Davis' affidavit arguing that the documents attached to the affidavit were hearsay and not authenticated.  The trial court overruled Bonner's motion to strike, finding that the documents were admissible under the business records exception specified in Evid.R. 803(6).  The court then granted summary judgment in favor of Central Mortgage.

{¶ 5}  Bonner appeals the trial court's decision, asserting a sole assignment of error:

{¶ 6}  THE COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY GRANTING SUMMARY JUDGMENT TO THE PLAINTIFF.

- 2 -

{¶ 7} Bonner argues the documents attached to Davis' affidavit were inadmissible hearsay and do not qualify under Evid.R. 803(6), the business records exception. Specifically, she contends these documents do not qualify under Evid.R. 803(6) because Davis was unable to establish the trustworthiness of the documents since the documents were not created by Davis' employer, Central Mortgage. Additionally, Bonner maintains that Davis cannot authenticate the documents. Consequently, as these documents were the only evidence submitted by Central Mortgage, Bonner argues the grant of summary judgment in favor of Central Mortgage was in error.

{¶ 8} This court's review of a trial court's ruling on a summary judgment motion is de novo, which means that we review the judgment independently and without deference to the trial court's determination. *Simmons v. Yingling*, 12th Dist. Warren No. CA2010-11-117, 2011-Ohio-4041, ¶ 18, citing *Burgess v. Tackas*, 125 Ohio App.3d 294, 296 (8th Dist.1998). We utilize the same standard in our review that the trial court uses in its evaluation of the motion.

{¶ 9} Summary judgment is appropriate when there are no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Williams v. McFarland Properties*, *L.L.C.*, 177 Ohio App.3d 490, 2008-Ohio-3594, ¶ 7 (12th Dist.). To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The nonmoving party must then present evidence that some issue of material fact remains to be resolved; it may not rest on the mere allegations or denials in its pleadings. *Id.* All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is

made. *Morris v. First Natl. Bank & Trust Co.*, 21 Ohio St.2d 25, 28 (1970).

{¶ 10} "'A party seeking to foreclose on a mortgage must establish execution and delivery of the note and mortgage; valid recording of the mortgage; it is the current holder of the note and mortgage; default; and the amount owed.'" *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345 (12th Dist.), quoting *Countrywide Home Loans, Inc. v. Baker*, 10th Dist. Franklin No. 09AP-968, 2010-Ohio-1329, ¶ 8.

{¶ 11} When deciding a motion for summary judgment, a trial court may consider, "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C). "[A] party may properly introduce evidence not specifically authorized by Civ.R. 56(C) by incorporating it by reference through a properly framed affidavit pursuant to Civ.R. 56(E)." *State ex rel. Varnau v. Wenninger*, 12th Dist. Brown No. CA2009-02-010, 2011-Ohio-3904, ¶ 7.

{¶ 12} Affidavits submitted to support or oppose a summary judgment motion "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated in the affidavit." Civ.R. 56(E). Personal knowledge is defined as "knowledge of the truth in regard to a particular fact or allegation, which is original, and does not depend on information or hearsay." *Varnau* at ¶ 8, quoting *Re v. Kessinger*, 12th Dist. Butler No. CA2007-02-044, 2008-Ohio-167, ¶ 32. "Information in affidavits that is not based on personal knowledge and does not fall under any of the permissible exceptions to the hearsay rule may be properly disregarded by the trial court when granting or denying summary judgment." *Ohio Receivables, L.L.C. v. Dallariva*, 10th Dist. Franklin No. 11AP-951, 2012-Ohio-3165, ¶ 16.

{¶ 13} The business records exception is one of numerous exceptions to the hearsay rule. Evid.R. 803(6). To qualify for admission under Rule 803(6), a business record must manifest four essential elements: (i) the record must be one regularly recorded in a regularly

conducted activity; (ii) it must have been entered by a person with knowledge of the act, event or condition; (iii) it must have been recorded at or near the time of the transaction; and (iv) a foundation must be laid by the custodian of the record or by some other qualified witness. *State v. Glenn*, 12th Dist. Butler No. CA2009-01-008, 2009-Ohio-6549, ¶ 17, quoting *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, ¶ 171. Even after the above elements are established, however, a business record may be excluded from evidence if "the source of information or the method of circumstances of preparation indicate lack of trustworthiness." *Id.*

{¶ 14} In addition to falling under the hearsay exception, business records must also be authenticated by evidence sufficient to support a finding that the matter in question is what its proponent claims. Evid.R. 901. Pursuant to Evid.R. 901(B)(10), "authentication of business records * * * is governed by Evid.R. 803(6)." *Great Seneca Fin. v. Felty*, 170 Ohio App.3d 737, 2006-Ohio-6618, ¶ 9 (1st Dist.).

{¶ 15} Appellate districts have addressed whether Evid.R. 803(6) allows the admission of business records of an entity when the entity did not create the records. *Ohio Receivables*, 10th Dist. Franklin No. 11AP-951, 2012-Ohio-3165; *Great Seneca.* The Tenth Appellate District found that credit card documents were admissible even though no testimony was presented from the company that created the records when the custodian averred that the documents were created and received in the regular course of business, incorporated into the company's business records, and relied upon. *Ohio Receivables* at ¶ 24-26; *see also Great Seneca* at ¶ 15 (documents created by another entity were admissible when entity acquired records in regular course of business, were "certified" by original company, and were relied upon).

{¶ 16} In so holding, the court found that "Evid.R. 803(6) does not require the witness whose testimony establishes the foundation for a business record to have personal

knowledge of the exact circumstances of preparation and production of the document or of the transaction giving rise to the record." *Ohio Receivables* at ¶ 19. Rather, Evid.R. 803(6) "permits exhibits to be admitted as business records of an entity even when the entity was not the maker of the records, so long as the other requirements of [Evid.R. 803(6)] are met and circumstances indicate the records are trustworthy." *Ohio Receivables* at ¶ 20. In addition, numerous federal courts have permitted the admission of business records of an entity other than the maker as long as the requirements of Fed.R.Evid. 803(6) are met and the circumstances indicate that the records are trustworthy.[1] *Brawner v. Allstate Indem. Co.*, 591 F.3d 984, 987 (8th Cir.2010); *United States v. Ullrich*, 580 F.2d 765, 771-72 (5th Cir.1978); *Air Land Forwarders, Inc. v. United States*, 172 F.3d 1338, 1343 (Fed.Cir.1999).

{¶ 17} We find that the note, mortgage, loan modification agreements, and assignment of mortgage were admissible as Davis' affidavit established that the documents were properly authenticated and satisfied all the requirements of the business records exception. Davis averred that she is an employee of Central Mortgage, a custodian of the attached business records, and that she has personal knowledge of the contents thereof and that the documents attached are true and accurate copies. Additionally, she explained that Central Mortgage maintains loan files and databases associated with each of its loans. In the process of maintaining these files, Central Mortgage receives documents, maintains the loan files, the records are updated contemporaneously by a person with knowledge, and in the ordinary course of business.

{¶ 18} While Central Mortgage was not the maker of the records, the circumstances indicate the documents are trustworthy. Davis averred that the records are received,

---

1. Fed.R.Evid. 803(6) and Ohio's version of the rule are substantially similar and therefore federal case law is instructive on this issue. Staff Notes to Evid.R. 803(6); *Great Seneca*, 170 Ohio App.3d. 737, 2006-Ohio-6618 at ¶ 14.

maintained and relied upon in the ordinary course of business and incorporated into the business records of Central Mortgage. Additionally, Davis averred that she relied on the note and mortgage to determine if the prerequisites to accelerate the loan had been satisfied and the monthly installment payments due. Accordingly, the trial court did not err in finding the documents were properly authenticated under Evid.R. 901 and satisfied Evid.R. 803(6).

{¶ 19} Bonner argues that the documents are inadmissible because Central Mortgage did not establish the trustworthiness of the documents. Bonner cites to *Great Seneca* and *RBS Citizens, N.A. v. Zigdon*, 8th Dist. Cuyahoga No. 93945, 2010-Ohio-3511, where documents were admissible under Evid.R. 803(6) when the documents were certified by the document originator in the former case, and in the latter case the documents came from a merger of the receiving business and the document originating business. *Great Seneca* at ¶ 15; *RBS* at ¶ 16. These cases did not state that the documents *must* be certified or obtained from a merger of the receiving business and the document originator in order to be trustworthy. Instead, the courts looked to the circumstances as a whole in determining the trustworthiness of the documents. *Great Seneca* at ¶ 12, 15; *RBS* at ¶ 16. In this case, Central Mortgage established sufficient indicia of trustworthiness because the documents were incorporated into its business records, the records were kept in the regular course of business, and the records were relied upon in the regular course of business. *Ohio Receivables* at ¶ 26.

{¶ 20} Lastly, as Davis' affidavit properly authenticated the attached documents, we find that the trial court did not err in granting summary judgment to Central Mortgage. In support of its motion for summary judgment, Central Mortgage attached signed and notarized copies of the endorsed in blank note, the mortgage, two loan modification agreements, and the assignment of the mortgage from Vandyk to Central Mortgage. Notations on the mortgage, loan modification agreements, and the assignment of the mortgage show that the

documents were recorded in the Butler County Recorder's office. Also attached to the summary judgment motion was Davis' affidavit which averred that the copies of the note and the mortgage were true and accurate. In the affidavit, Davis also stated Central Mortgage is in possession of the note, all the prerequisites required under the note and mortgage necessary to accelerate the balance due on the note have been performed, the entire principal due has been accelerated, and that Bonner is in default and owes a principal balance of $254,791.99 plus interest at the rate of 5.00% per annum and other various charges.

{¶ 21} In response to Central Mortgage's requests for admission, Bonner admitted that the mortgage secures the payment of the note and that the plaintiff's accounting for the balance on the note is accurate. Further, Bonner has conceded that she was in default of the mortgage. Lastly, on appeal, Bonner admitted that she borrowed money from Vandyk, Vandyk transferred its interest to Central Mortgage, and that Central Mortgage is in possession of the note.

{¶ 22} Consequently, we find that the trial court did not err in granting summary judgment in favor of Central Mortgage. The evidence demonstrated that there is no genuine issue as to any material fact, Central Mortgage is entitled to judgment as a matter of law, and construing the evidence in the light most favorable to Bonner, reasonable minds can come only to the conclusion that Central Mortgage is entitled to a judgment of foreclosure.

{¶ 23} Appellant's sole assignment of error is overruled.

{¶ 24} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.