[Cite as *Bank of Am., N.A. v. Jackson*, 2014-Ohio-2480.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2014-01-018 |
| | : | O P I N I O N |
| - vs - | | 6/9/2014 |
| | : | |
| JEFFREY L. JACKSON a.k.a. | : | |
| Jeffrey Jackson, et al., | | |
| | : | |
| Defendants-Appellants. | | |
| | : | |


CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 11 CV 80274


Lerner, Sampson & Rothfuss, Richard Mark Rothfuss II, Adam R. Fogelman, P.O. Box 5480, Cincinnati, Ohio 45201-5480, for plaintiff-appellee

Kendo, Alexander, Cooper & Engel LLP, Andrew M. Engel, 7925 Paragon Road, Centerville, Ohio 45459, for defendants-appellants Jeffrey L. Jackson & Shelly R. Jackson

Nicholas J. Pantel, 221 East Fourth Street, Suite 400, Cincinnati, Ohio 45202, for defendant, United States of America

Matthew Harrison, Lebanon, Ohio 45036, defendant, pro se

David P. Fornshell, Warren County Prosecuting Attorney, Christopher A. Watkins, 500 Justice Drive, Lebanon, Ohio 45036, for defendant, Jim Aumann, Warren County Treasurer

Sherry M. Phillips, 150 East Gay Street, 21st Floor, Columbus, Ohio 43215, for defendant, State of Ohio, Department of Taxation

**PIPER, J.**

{¶ 1} Defendant-appellant, Jeffrey Jackson, appeals a decision of the Warren County Court of Common Pleas, granting summary judgment in favor of plaintiff-appellee, Bank of America.[1]

{¶ 2} Jackson signed a promissory note in 2001 in favor of Bank of America for $267,500 to refinance existing liens on a property he and his wife purchased in 1998. Jackson and his wife (the Jacksons) granted a mortgage on the property to Bank of America to secure the $267,500 note. However, the Jacksons stopped making payments on the note, and Bank of America filed a foreclosure action in 2011.

{¶ 3} Within the complaint, Bank of America alleged that the Jacksons failed to make payments on the note as agreed. Bank of America moved for summary judgment, and supported its motion with the affidavit of its officer, Katherine Weir. Weir averred that she was familiar with the records maintained in connection with the Jackson's loan, and that she had personally reviewed the records. Weir averred that the Jacksons stopped making payments in March 2011, and that there was $230,107.86 due and owing on the note. Attached to Weir's affidavit was an imaged copy of the note signed by Jackson, a copy of the mortgage signed by the Jacksons, a copy of the acceleration notice, as well as copies of the payment records.

{¶ 4} The Jacksons filed a memorandum in opposition to Bank of America's motion for summary judgment, as well as a cross-motion for summary judgment. Therein, the Jacksons challenged Bank of America's standing to bring the foreclosure suit. The Jacksons submitted their own affidavits, which asserted their belief that Freddie Mac, rather than Bank of America, owned the note. The Jacksons submitted two letters they had received in

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.

- 2 -

November 2012 from Nationstar Mortgage (Nationstar) stating that it was taking over servicing of the Jacksons' mortgage on behalf of Freddie Mac. The Jacksons also moved the court to strike a portion of Weir's affidavit in which she averred that Bank of America possessed the note. The Jacksons also filed a motion to compel Bank of America to produce the original note, rather than the imaged copy that was attached to Weir's affidavit.

{¶ 5} Bank of America later filed a motion to substitute Nationstar as the proper plaintiff, as Nationstar held the Jacksons' note and mortgage after a 2012 assignment from Bank of America. The trial court granted the motion to substitute, granted Bank of America's motion for summary judgment, overruled the Jacksons' motion for summary judgment, overruled the motion to compel production of the original note, and ordered a sheriff's sale of the Jacksons' property. The Jacksons now appeal the trial court's decision, raising the following assignments of error. For ease of discussion, and because they are interrelated, we will address the Jacksons' final two assignments of error together.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED IN OVERRULING APPELLANTS' MOTION TO STRIKE AFFIDAVIT.

{¶ 8} The Jacksons argue in their first assignment of error that the trial court erred by overruling their motion to strike portions of Weir's affidavit.

{¶ 9} The determination of a motion to strike is within the trial court's broad discretion. *Ireton v. JTD Realty Invests., L.L.C.*, 12th Dist. Clermont No. CA2010-04-023, 2011-Ohio-670, ¶ 19. A court's ruling on a motion to strike will be not reversed on appeal absent an abuse of that discretion. *State ex rel. Ebbing v. Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699, ¶ 13. A decision constitutes an abuse of discretion when it is unreasonable, arbitrary, or unconscionable. *Wells Fargo v. Smith*, 12th Dist. Brown No. CA2012-04-006, 2013-Ohio-855.

{¶ 10} According to Civ.R. 56(E), affidavits supporting motions for summary judgment must be made on personal knowledge. Personal knowledge is defined as "knowledge of the truth in regard to a particular fact or allegation, which is original and does not depend on information or hearsay." *Re v. Kessinger*, 12th Dist. Butler No. CA2007-02-044, 2008-Ohio-167, ¶ 32. Absent evidence to the contrary, an affiant's statement that his affidavit is based on personal knowledge will suffice to meet the requirement of Civ.R. 56(E). *Churchill v. G.M.C.*, 12th Dist. Butler No. CA2002-10-263, 2003-Ohio-4001, ¶ 11. In the absence of a specific statement, personal knowledge may be inferred from the contents of an affidavit. *Wells Fargo*, 2013-Ohio-855 at ¶ 16.

{¶ 11} When considering evidence supporting a motion for summary judgment, a trial court may disregard information in affidavits that is not based on personal knowledge and does not fall under any of the permissible exceptions to the hearsay rule. *Cent. Mtge. Co. v. Bonner*, 12th Dist. Butler No. CA2012-10-204, 2013-Ohio-3876.

{¶ 12} The business records exception is one of numerous exceptions to the hearsay rule. Evid.R. 803(6). To qualify for admission according to Evid.R. 803(6), a business record must manifest four essential elements: (i) the record must be one regularly recorded in a regularly conducted activity, (ii) it must have been entered by a person with knowledge of the act, event or condition, (iii) it must have been recorded at or near the time of the transaction, and (iv) a foundation must be laid by the custodian of the record or by some other qualified witness. *State v. Glenn*, 12th Dist. Butler No. CA2009-01-008, 2009-Ohio-6549, ¶ 17, quoting *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, ¶ 171. Evid.R. 803(6) does not require the affiant to have personal knowledge of the "exact circumstances of preparation and production of the document or of the transaction giving rise to the record." *Cent. Mtge. Co.*, 2013-Ohio-3876 at ¶ 16 quoting *Ohio Receivables, L.L.C. v. Dallariva*, 10th Dist. Franklin No. 11AP-951, 2012-Ohio-3165, ¶ 19.

{¶ 13} The Jacksons argue that portions of Weir's affidavit should have been struck because Weir did not have personal knowledge that Bank of America held the note, did not know where the original note was located, and that Weir did not have personal knowledge regarding the notice of acceleration. However, the record demonstrates that Weir averred that she made her affidavit from "my personal knowledge." The Jacksons have not pointed to any indication in the record to rebut Weir's statement that she made her affidavit based upon her personal knowledge of the matters referenced in her affidavit.

{¶ 14} Even absent the specific statement that her affidavit was based upon her personal knowledge, the contents of the affidavit establish that Weir made her affidavit with personal knowledge of the matters contained therein. As an officer of Bank of America, Weir was in a position to acquire, review, and authenticate that the imaged copy of the note was accurate. Weir averred that she had personal knowledge of the documentation associated with Jackson's loan, and that she further gained personal knowledge of the related issues by reviewing several documents, which were attached to her affidavit. Similarly, the notice of acceleration, also a document generated by Bank of America, was attached to Weir's affidavit and also constitutes a document of which Weir had personal knowledge.

{¶ 15} Moreover, we find that the note, mortgage, notice of acceleration, and documentation of the Jacksons' payment history were admissible, as Weir's affidavit established that the documents were properly authenticated and satisfied all the requirements of the business records exception. Weir averred that she is an officer of Bank of America, that she had personal knowledge of the contents thereof, and that the documents attached were true and correct copies. Weir's affidavit also established that the records were made at or near the time of the occurrence of the matters recorded by persons who had personal knowledge of the information contained therein, that the records were kept in the course of Bank of America's regularly conducted business activities, and that it was

Bank of America's regular practice to make such records.

{¶ 16} Having found that Weir's affidavit was based upon her personal knowledge and made reference to admissible business records, the trial court did not abuse its discretion in overruling the Jacksons' motion to strike. As such, the Jacksons' first assignment of error is overruled.

{¶ 17} Assignment of Error No. 2:

{¶ 18} THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO PRODUCE NOTE FOR INSPECTION.

{¶ 19} The Jacksons argue in their second assignment of error that the trial court erred by overruling their motion to inspect the original note.

{¶ 20} "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Evid.R. 1003.

{¶ 21} When the complaint was first filed, Bank of America attached a copy of the mortgage to the foreclosure complaint, but indicated that the note was not available at that time. However, on February 10, 2012, Bank of America filed a copy of the note. Weir also attached an imaged copy of the note to her affidavit, but the original note was not produced.[2]

{¶ 22} The Jacksons moved the trial court to compel Bank of America to produce the original note for their inspection in open court. The Jacksons challenged the admission of a copy of the note because they assert that Bank of America is not the proper party in interest unless it can prove that it holds the original note.

---

2. The note filed with Bank of America's "NOTICE OF FILING NOTE" is a copy of the note, while the copy attached to Weir's affidavit was "imaged," meaning that it was printed from a digital storage database. The imaged note attached to Weir's affidavit is compressed in size and also contains wording on the side of the pages, "to license contact: www.imgmaker.com." The copy of the note filed by Bank of America on February 10, 2012, however, is a normal size (uncompressed) and does not contain any reference to the image maker website. Therefore, the record contains a copy of the note in its original format, as well as a second, exact copy of the note as it was imaged.

{¶ 23} Despite the Jacksons' argument, however, Evid.R. 1003 permits a copy of a document to be admitted into evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original or it would be unfair to admit the duplicate in lieu of the original. As previously stated, the Jacksons did not raise a genuine question as to the authenticity of the original note. Instead, they suggested that production of the original note would have proved that Bank of America possessed the original. Nor did the Jacksons state in what way admitting the imaged copy would be unfair, other than stating that there was no way to prove that Bank of America possessed the note at the time it filed suit or when it moved for summary judgment without actually producing the original.

{¶ 24} Regardless of the Jacksons' arguments, the imaged copy of the note was admissible. There is no indication in the record that the imaged copy was not an accurate and exact duplication of the authentic original note, nor that it was unfair for the trial court to admit the copy in lieu of the original. While Bank of America did not include the original to prove that it possessed the note at the time it filed the foreclosure complaint, it did not need to.

{¶ 25} According to Ohio law, the "current holder" of a note and mortgage is entitled to bring a foreclosure action against a defaulting mortgagor. *BAC Home Loans Servicing, LP v. Kolenich*, 12th Dist. Butler No. CA2012-01-001, 2012-Ohio-5006, ¶ 38, citing R.C. 1303.31(A). Once Bank of America filed its motion to substitute, the court had evidence that Nationstar was the "current holder" of both the Jacksons' note and mortgage because both the note and mortgage had been assigned to Nationstar from Bank of America on November 8, 2012. Therefore, Bank of America was not required to produce the original note in order to prove that it had the ability to file the foreclosure suit as the Jacksons contend.

{¶ 26} The trial court properly admitted the copy of the note according to Evid.R. 1003, as the Jacksons have failed to raise a genuine issue as to the authenticity of the note or

demonstrate that such admission was unfair. Accordingly, the Jacksons' second assignment of error is overruled.

{¶ 27} Assignment of Error No. 3:

{¶ 28} THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO BANK OF AMERICA.

{¶ 29} Assignment of Error No. 4:

{¶ 30} STANDING TO BRING A SUIT IN FORECLOSURE REQUIRES MORE THAN JUST THE MORTGAGE.

{¶ 31} The Jacksons argue in their final assignments of error that the trial court erred in granting summary judgment in favor of Bank of America because Bank of America did not have standing to pursue foreclosure.

{¶ 32} This court's review of a trial court's ruling on a summary judgment motion is de novo. *Lindsay P. v. Towne Properties Asset Mgt. Co., Ltd.*, 12th Dist. Butler No. CA2012-11-215, 2013-Ohio-4124. Civ.R.56 sets forth the summary judgment standard and requires that (1) there be no genuine issues of material fact to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to only one conclusion being adverse to the nonmoving party. *Slowey v. Midland Acres, Inc.*, 12th Dist. Fayette No. CA2007-08-030, 2008-Ohio-3077, ¶ 8. The moving party has the burden of demonstrating that there is no genuine issue of material fact. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64 (1978).

{¶ 33} The nonmoving party "may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue." *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385 (1996). A dispute of fact can be considered "material" if it affects the outcome of the litigation. *Myers v. Jamar Enterprises*, 12th Dist. Clermont No. CA2001-06-056, 2001 WL

1567352,*2 (Dec. 10, 2001). A dispute of fact can be considered "genuine" if it is supported by substantial evidence that exceeds the allegations in the complaint. *Id.*

{¶ 34} R.C. 1303.31(A) identifies three 'persons' entitled to enforce an instrument: "(1) [t]he holder of the instrument; (2) a nonholder in possession of the instrument who has the rights of a holder; and (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to [R.C. 1303.38] or [R.C. 1303.58(D) ]." As stated in R.C. 1303.31(B), "a person may be a 'person entitled to enforce' the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."

{¶ 35} As previously referenced, "the current holder of the note and mortgage is entitled to bring a foreclosure action against a defaulting mortgagor even if the current holder is not the owner of the note and mortgage." *BAC Home Loans Servicing, LP v. Kolenich*, 12th Dist. Butler No. CA2012-01-001, 2012-Ohio-5006, ¶ 38, citing R.C. 1303.31(A). A "holder" is "a person in possession of a note that is payable either to bearer or to an identified person." *Green Tree Servicing, L.L.C. v. Roberts*, 12th Dist. Butler No. CA2013-03-039, 2013-Ohio-5362, ¶ 51, citing *Self Help Ventures Fund v. Jones*, 11th Dist. Ashtabula No. 2012-A-0014, 2013-Ohio-868, ¶ 33.

{¶ 36} Regarding the Jacksons' standing argument, the record is clear that Bank of America, and Nationstar through its substitution, was the proper party to bring the foreclosure action, as it held both the Jacksons' note and mortgage. While the Jacksons asserted that Bank of America did not have standing because Freddie Mac claimed ownership of the loan, the record indicates that Bank of America/Nationstar possessed the note and mortgage regardless of who serviced the loan.

{¶ 37} While the Jacksons asserted their belief that Freddie Mac was the owner of the note and mortgage, the Jacksons averred that they were trying to modify the loan with and through Bank of America, and never indicated that they were in contact with Freddie Mac

regarding the loan or a possible modification. Nor did the Jacksons produce any evidence to suggest that Bank of America/Nationstar did not hold the note and mortgage, and Freddie Mac was never made a party to the suit. Instead, all of the relevant documentation, including the note, mortgage, payment history, notice of acceleration, and notice of assignment all indicate that Bank of America/Nationstar held the note and mortgage, rather than Freddie Mac.

{¶ 38} Nor does the fact that the note was admitted into evidence as a duplicate rather than the original establish that Bank of America/Nationstar did not have standing. As previously discussed within the Jacksons' second assignment of error, there was no dispute raised that the original note was not authentic, that the copy was unfairly prejudicial, or that the filed copy did not constitute an exact copy of the authentic original note Jackson signed in favor of Bank of America.

{¶ 39} Regarding summary judgment, the Jacksons argue that the trial court erred in granting summary judgment because (1) a genuine issue of fact existed regarding who held proper authority to enforce the note, and (2) because acceleration was not proper. Regarding standing, we have already established that Bank of America, and therefore Nationstar by substitution, was the proper party to bring the foreclosure action. Given that Bank of America/Nationstar held the note and mortgage, there were no genuine issues of material fact that required further litigation, and summary judgment was appropriate.

{¶ 40} The Jackson's other argument regarding the way in which the loan was accelerated also failed to raise a genuine issue of material fact. Instead, the record indicates that Bank of America provided the Jacksons with notice of the acceleration, and that the Jacksons' debt had been accelerated. Weir averred that the notice of acceleration was a true and correct copy of the one provided to the Jacksons and that the Jacksons' "indebtedness has been accelerated."

{¶ 41} While the Jacksons also argue that Bank of America did not create the notice of acceleration, the record indicates otherwise. The notice includes Bank of America's corporate emblem at the top left hand corner of the notice, includes the corporate address for Bank of America, and includes a statement that the notice was generated by Bank of America's servicing company. Therefore, the Jacksons were well-aware that the acceleration notice was created by Bank of America, and that Bank of America was accelerating the debt. As such, the Jacksons did not raise a genuine issue of material fact regarding the acceleration that required further litigation.

{¶ 42} Other than their challenge to the summary judgment decision, the Jacksons also argue that the trial court's order was not final because the trial court did not specify the amount of damages. The trial court's entry found Bank of America's lien to be "valid" and the "first" lien, and awarded "the sum of $230,107.86 with interest at the rate of 6.5000 percent per annum from February 1, 2011, and as may be adjusted pursuant to the terms of the note, together with advances for taxes, insurance, and otherwise expended, plus costs." The Jacksons argue that the trial court's judgment was not final because it did not specify the specific amount of damages in regard to the taxes, insurance, and other costs.

{¶ 43} The Ohio Supreme Court has recently settled a district split regarding whether a trial court's foreclosure order is final and appealable when that judgment does not order specific damages in regard to fees associated with the foreclosed property. *Citimortgage, Inc. v. Roznowski*, Slip Opinion No. 2014-Ohio-1984. In *Citimortgage*, the court held that "a judgment decree in foreclosure that includes as part of the recoverable damages amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance but does not include specific itemization of those amounts in the judgment is a final, appealable order pursuant to R.C. 2505.02(B)(1)." *Id.* at ¶ 19. Therefore, and despite the trial court not assigning specific dollar amounts to its award of taxes, insurance, and other

costs, the court's order was final and appealable.

{¶ 44} Having found that Bank of America/Nationstar had standing, that summary judgment was proper, and that the trial court's order was final and appealable, the Jacksons' third and fourth assignments of error are overruled.

{¶ 45} Judgment affirmed.


RINGLAND, P.J., and S. POWELL, J., concur.