[Cite as *Bank of NY Mellon Trust Co. v. Shaffer*, 2013-Ohio-3205.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. f.k.a. THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, f.k.a. JPMORGAN CHASE BANK, AS TRUSTEE-SURF-BC2, | : : : : : | **O P I N I O N** **CASE NO. 2011-G-3051** |
| Plaintiff-Appellee, | : | |
| - vs - | : | |
| THERESA A. SHAFFER a.k.a. THERESA MCFAUL, et al., | : : | |
| Defendant-Appellant, | : | |
| GEAUGA COUNTY TREASURER, et al., | : | |
| Defendants-Appellees. | : : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 09F000648.

Judgment: Reversed and remanded.

*Matthew I. McKelvey*, and *Bill L. Purtell,* Lerner, Sampson & Rothfuss, 120 East Fourth Street, Suite 800, P.O. Box 5480, Cincinnati, OH 45202 (For Plaintiff-Appellee).

*James R. Douglass*, James R. Douglass Co., L.P.A., 4600 Prospect Avenue, Shaker Heights, OH 44103 (For Defendant-Appellant).

*David P. Joyce*, Geauga County Prosecutor, Courthouse Annex, 231 Main Street, Chardon, OH 44024 (For Appellee-Geauga County Treasurer).

*David W. Cliffe*, 525 Vine Street, #800, Cincinnati, OH 45202 (For Appellee-The Huntington National Bank, Successor by Merger to Sky Bank).

CYNTHIA WESTCOTT RICE, J.,

{¶1} Appellant, Theresa A. Shaffer, appeals the default judgment of foreclosure entered in favor of Appellee, The Bank of New York Mellon Trust Company, N.A. ("New York Mellon"), by the Geauga County Court of Common Pleas. At issue is whether New York Mellon's lack of standing when it filed this action could be cured by the assignment of the mortgage prior to the entry of final judgment. For the reasons that follow, the trial court's judgment is reversed, and this matter is remanded for the trial court to dismiss the complaint without prejudice.

{¶2} On June 8, 2009, New York Mellon filed a complaint in foreclosure in the Geauga County Court of Common Pleas against appellant.

{¶3} New York Mellon alleged it was "the holder of a note, a copy of which is unavailable at this time." New York Mellon further alleged that the note and the mortgage securing the note were in default. The mortgage attached to the complaint identifies "Wilmington Finance" as the lender. That mortgage was recorded on January 21, 2004.

{¶4} On September 11, 2009, New York Mellon filed an affidavit in which it stated that the principal balance owed by appellant was $178,505.91; "[t]he Creditor does hold the Debtor[']s note by assignment;" and "[a]n assignment of mortgage was recorded with [the] Geauga County Recorder on June 22, 2009." As noted above, New York Mellon filed its complaint two weeks earlier on June 8, 2009.

{¶5} Also, on September 11, 2009, New York Mellon filed a motion for default judgment against appellant.

2

**{¶6}** On December 9, 2009, appellant filed a motion for leave to plead, which the trial court granted until January 4, 2010.

**{¶7}** On January 5, 2010, appellant filed a motion for extension of time to respond to the complaint, which the trial court granted until February 8, 2010.

**{¶8}** On February 8, 2010, appellant filed another motion for extension of time to respond to the complaint, which the trial court denied.

**{¶9}** On February 25, 2010, the trial court entered a default judgment in foreclosure. The court found appellant was "in default of * * * Answer;" "that the allegations contained in the Complaint are true;" and "that the conditions of [the] Mortgage have been broken and plaintiff is entitled to have the equity of redemption of the defendant-titleholders foreclosed."

**{¶10}** Later that same date, appellant, appearing pro se, filed her answer.

**{¶11}** On March 2, 2010, appellant filed a "motion to vacate order for sale and withdraw property from sale" in which she requested mediation "to prevent foreclosure sale."

**{¶12}** On March 19, 2010, the trial court ordered the case stayed and the parties to attend mediation.

**{¶13}** On July 9, 2010, appellant filed a motion to dismiss on the grounds that New York Mellon did not have standing to file the action. She also asked that the mediation scheduled for that day (July 9) be cancelled.

**{¶14}** On July 15, 2010, the trial court denied the motion to dismiss.

**{¶15}** On September 2, 2010, appellant filed a motion for summary judgment. She argued she was entitled to judgment because New York Mellon "has no legal title to the mortgage and failed to prove ownership of the mortgage."

**{¶16}** On September 13, 2010, the trial court entered an order vacating the mediation stay, noting that such efforts were unsuccessful.

**{¶17}** On October 28, 2010, the trial court denied appellant's motion for summary judgment.

**{¶18}** On November 22, 2010, appellant filed another motion to dismiss based on New York Mellon's alleged lack of standing.

**{¶19}** On December 7, 2010, the trial court denied appellant's November 22, 2010 motion to dismiss.

**{¶20}** On September 26, 2011, appellant, now represented by counsel, filed a motion for relief from judgment, seeking to have the default judgment in foreclosure vacated. Again, appellant argued that New York Mellon lacked standing to invoke the trial court's jurisdiction. New York Mellon did not attach or reference any evidence showing it had standing when it filed this action. Instead, New York Mellon argued that standing is not necessary to invoke the trial court's subject-matter jurisdiction and that appellant waived any challenge to standing by not raising it within the time limits specified in Civ.R. 60(B).

**{¶21}** On November 29, 2011, the trial court entered judgment denying appellant's motion for relief from judgment. The court found that the motion was filed over 18 months after the default judgment was entered and that appellant "has offered no reason why the motion was filed so long after the entry of judgment." The court

4

continued: "Even had Ms. Shaffer filed her Motion for Relief from Judgment within a reasonable time, she has not demonstrated entitlement to such relief. Her motion offers no explanation as to why she failed to file an answer or responsive pleading within the time provided by the Rules of Civil Procedure and the extensions granted by the Court."

**{¶22}** Appellant appealed the trial court's default judgment to this court. Appellant argued that New York Mellon lacked standing and failed to vest the trial court with subject-matter jurisdiction to enter its default judgment. Further, appellant argued that the trial court erred in denying her motion for relief from judgment. In *Bank of New York Mellon Trust Co., N.A. v. Shaffer*, 11th Dist. Geauga No. 2011-G-3051, 2012-Ohio-3638, this court affirmed the trial court's judgment, holding that there was no defect in New York Mellon's standing and that appellant failed to show entitlement to relief from judgment under Civ.R. 60(B).

**{¶23}** Appellant appealed this court's decision to the Supreme Court of Ohio. In *Bank of New York Mellon Trust Co., N.A. v. Shaffer*, 134 Ohio St.3d 1435, 2013-Ohio-161, the Supreme Court of Ohio accepted jurisdiction of this case and remanded the matter to this court for application of the Supreme Court's recent decision in *Fed. Home Loan Mortg. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017.

**{¶24}** In *Schwartzwald,* the Supreme Court held that standing is required to present a justiciable controversy and is a jurisdictional requirement. *Id.* at ¶21-22. The Court held that, because standing is required to invoke the trial court's jurisdiction, standing is determined as of the filing of the complaint. *Id.* at ¶24. Further, the Court held that a mortgage holder cannot rely on events occurring after the complaint is filed to establish standing. *Id.* at ¶26. Thus, the plaintiff cannot cure its lack of standing by

5

obtaining an interest in the subject of the litigation after the action is filed. *Id.* at ¶36. Further, because standing is jurisdictional, it can never be waived and *may be challenged at any time. See Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶11. Finally, the Court in *Schwartzwald* held that when the evidence demonstrates the mortgage lender lacked standing when the foreclosure action was filed, the action must be dismissed without prejudice. *Id.* at ¶40. This court followed the Supreme Court's holding in *Schwartzwald* in *Fed. Home Loan Mortg. Corp. v. Rufo*, 11th Dist. Ashtabula No. 2012-A-0011, 2012-Ohio-5930.

{¶25} This court in *Rufo* held that, pursuant to *Schwartzwald*, courts of common pleas have subject-matter jurisdiction over justiciable matters and that standing to sue is required to make a justiciable case. *Rufo* at ¶28. Thus, without standing, a case is not justiciable and the court lacks subject-matter jurisdiction. *Id.* When the trial court lacks subject-matter jurisdiction, its final judgment is void. *Id.* at ¶15.

{¶26} Applying the foregoing jurisprudence to this case, while New York Mellon filed its complaint on June 8, 2009, the record does not demonstrate that as of that date it held the note or mortgage. The mortgage attached to the complaint shows that Wilmington Finance, not New York Mellon, was the holder of the mortgage. Further, the affidavit filed by New York Mellon demonstrates that the assignment of the mortgage was recorded on June 22, 2009, two weeks *after* the complaint was filed. Thus, there is no evidence that New York Mellon held the mortgage on the date the complaint was filed.

{¶27} Further, while the complaint alleges that New York Mellon is "the holder of a note," New York Mellon did not attach a copy of the note to the complaint, as required

6

by Civ.R. 10. Instead, it alleged a copy of the note was "unavailable at this time" without offering any reason for its unavailability. Thereafter, New York Mellon never filed a copy of the note. New York Mellon's allegation in the complaint that it holds a note is conclusory without any detail concerning when New York Mellon obtained the note. Likewise, while New York Mellon stated in its affidavit that it holds the note by assignment, it did not state when or by whom the note was assigned to it. Thus, there is no evidence in the record that New York Mellon held the note on the date it filed the complaint.

{¶28} Because New York Mellon failed to establish it held either the note or mortgage as of the date it filed the complaint, it lacked standing. As a result, this case is not justiciable; the trial court lacked subject-matter jurisdiction to enter its judgment of foreclosure; its judgment was void; and the court's lack of subject-matter jurisdiction was subject to challenge at any time.

{¶29} Further, the fact that Shaffer was in default of an answer does not mean she admitted New York Mellon held the note on the date it filed the complaint, thus conferring subject-matter jurisdiction on the court. As noted above, the allegation in the complaint that New York Mellon holds a note is merely conclusory, and does not include any detail as to when or how it obtained the note. In any event, it is well settled that "[p]arties may not, by stipulation or agreement, confer subject-matter jurisdiction on a court, where subject-matter jurisdiction is otherwise lacking." *Fox v. Eaton Corp.*, 48 Ohio St.2d 236, 238 (1976), *overruled on other grounds by Manning v. Ohio State Library Bd.*, 62 Ohio St.3d 24, 29 (1991). Further, this court has held that the lack of subject-matter jurisdiction can be raised at any stage of the proceedings and can be

7

raised for the first time on appeal. *Smith v. Dietelbach*, 11th Dist. Trumbull No. 2011-T-0007, 2011-Ohio-4308, ¶14.

{¶30} While this court in *Self Help Ventures Fund v. Jones*, 11th Dist. Ashtabula No. 2012-A-0014, 2013-Ohio-868, held that the assignment of a mortgage is sufficient to transfer a contemporaneous note, *id.* at ¶39, this court in *Jones* held that for standing to exist, the mortgage or note must have been assigned to the mortgagee-plaintiff prior to the filing of the complaint. *Id.* at ¶26. Because the only evidence offered by New York Mellon in its affidavit regarding the mortgage assignment was that it was recorded two weeks *after* the complaint was filed, the mortgage assignment was insufficient to confer standing on New York Mellon or to vest the trial court with subject-matter jurisdiction.

{¶31} Further, since the trial court lacked subject-matter jurisdiction and its default judgment was therefore void, Shaffer was not required to comply with the time requirements of Civ.R. 60(B) in order to be entitled to an order vacating the judgment. A court's authority to vacate a void judgment is not derived from the Rules of Civil Procedure, but rather is an inherent power possessed by courts. *Hoffman v. New Life Fitness Centers, Inc.* 116 Ohio App.3d 737, 739 (3d Dist.1996), *appeal not allowed by Supreme Court of Ohio at* 78 Ohio St.3d 1464 (1997). Further, a judgment rendered by a court lacking subject matter jurisdiction is void ab initio, and may be vacated by virtue of the court's inherent power independent of the grounds for vacation of judgments set forth in Civ.R. 60(B). *Falk v. Wachs*, 116 Ohio App.3d 716, 721 (9th Dist.1996). Thus, a motion to vacate a void judgment need not comply with the requirements of Civ.R. 60(B). *Id.*

{¶32} We note that, prior to appellant's motion for relief from judgment, she repeatedly brought to the trial court's attention New York Mellon's lack of standing. She asserted the issue in her answer, filed February 25, 2010; in her motion to dismiss, filed July 9, 2010; in her second motion to dismiss, filed November 22, 2010; and in her motion for summary judgment, filed September 2, 2010. While Shaffer's answer was out of rule by 13 days, thereafter, she diligently attempted to bring the issue of New York Mellon's lack of standing to the trial court's attention.

{¶33} Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *Dietelbach, supra*. Since the trial court lacked subject-matter jurisdiction in entering default judgment, the court erred in denying appellant's motion to vacate the judgment. Further, since appellant was not required to comply with Civ.R. 60 in her efforts to vacate the court's void judgment, the court erred in finding that, because she did not comply with the time requirement of Civ.R. 60(B), she was not entitled to relief from judgment.

{¶34} For the reasons stated in this opinion, it is the judgment and order of this court that the judgment of the Geauga County Court of Common Pleas is reversed, and this matter is remanded for the trial court to dismiss this action without prejudice.


COLLEEN MARY O'TOOLE, J., concurs,

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

_____


DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

9

**{¶35}** The essential facts of this appeal are as follows: On June 8, 2009, New York Mellon filed a foreclosure action against Shaffer, alleging that it was "the holder of a note," by assignment, "a copy of which is unavailable at this time."

**{¶36}** Despite being granted leave to do so, Shaffer failed to file a timely answer to the complaint.

**{¶37}** On February 25, 2010, the trial court issued a default Judgment and Decree in Foreclosure and Reformation of Mortgage. Shaffer did not appeal this Judgment.

**{¶38}** On September 26, 2011, Shaffer filed a Motion for Relief from Judgment, seeking to have the February 25, 2010 Judgment and Decree in Foreclosure vacated. The basis for the Motion for Relief from Judgment was New York Mellon's alleged lack of "standing to invoke the jurisdiction of this Court."

**{¶39}** The trial court's denial of Shaffer's Motion for Relief should be affirmed on the grounds that New York Mellon properly pled its standing to invoke the court's jurisdiction, the entry of default judgment was a final order, and a motion for relief from judgment cannot be used as a substitute for an appeal. Nothing in the Ohio Supreme Court's decision of *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, alters the consequences that the application of these legal principles have for this case. Accordingly, I dissent.

**{¶40}** The Complaint filed on June 8, 2009, identified New York Mellon as successor in interest to JPMorgan Chase Bank, National Association, fka JPMorgan Chase Bank, as Trustee-SURF-BC2 c/o Litton Loan Servicing, L.P., and "the holder of a note," by assignment. Although a copy of the note was unavailable, New York Mellon

10

attached the accompanying mortgage, which attested the existence of a promissory note executed by Shaffer on January 15, 2004, for the amount of $192,100.

**{¶41}** There is no defect in New York Mellon's standing on the face of the Complaint. This court has recognized that "Ohio Appellate Districts have repeatedly held that a note can be transferred by assignment." *Self Help Ventures Fund v. Jones*, 11th Dist. No. 2012-A-0014, 2013-Ohio-868, ¶ 39 (cases cited). Moreover, the assignment of the note vests the assignee with standing to enforce the mortgage. *Cent. Mtge. Co. v. Webster*, 2012-Ohio-4478, 978 N.E.2d 963, ¶ 27 (5th Dist.) ("[t]he current holder of the note and mortgage is the real party in interest in foreclosure actions"); *U.S. Bank Natl. Assn. v. Morales*, 11th Dist. No. 2009-P-0012, 2009-Ohio-5635, ¶ 32 ("[t]he proper assignment of the subject note made U.S. Bank its current holder, with the right to enforce all rights of the original mortgagee - including the right to foreclose").

**{¶42}** By asserting that it was the holder of the note by assignment, New York Mellon effectively invoked the trial court's jurisdiction. *Bank of Am. N.A. v. Edmon*, 6th Dist. No. E-11-054, 2012-Ohio-3406, ¶ 9 (by "pleading * * * that it was the *holder* of the note, U.S. Bank satisfied the pleading requirements of Civ.R. 8(A)").

**{¶43}** In the absence of any denial to the allegation of standing, New York Mellon's right to enforce the note as a holder thereof must be deemed "admitted." Civ.R. 8(D) ("[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading"); *Girard v. Leatherworks Partnership*, 11th Dist. No. 2004-T-0010, 2005-Ohio-4779, ¶ 38 ("[w]hen a defendant fails to answer, default judgment is appropriate

11

because liability has been admitted or 'confessed' by the omission of statements in a pleading refuting the plaintiff's claims").

{¶44} The majority concludes, on the contrary, that "New York Mellon's allegation in the complaint that it holds a note is conclusory without any detail concerning when New York Mellon obtained the note." *Supra* at ¶ 27. Significantly, the majority cites no authority for the novel proposition that a party must establish the chain of title in the Complaint to invoke the trial court's jurisdiction. Rather, the opposite is true: "a plaintiff is not required to prove his or her case at the pleading stage." *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 144-145, 573 N.E.2d 1063 (1991); *Schmidt v. Brower*, 11th Dist. No. 2010-A-0014, 2010-Ohio-4431, ¶ 20 ("[a] default judgment is 'based upon admission and * * * therefore obviates the need for proof") (citation omitted). Unless challenged, New York Mellon was entitled to rely on the allegations set forth in its Complaint, which must be taken as admitted due to Shaffer's failure to plead.

{¶45} The majority also contends that New York Mellon's lack of standing at the time the Complaint was filed is demonstrated by the Creditor's Affidavit, which stated that "[t]he Creditor **does** hold the Debtor[']s note by assignment," and "[a]n assignment of mortgage was recorded with the Geauga County Recorder on June 22, 2009." The fact that the assignment was not recorded until fourteen days after the Complaint was filed is not indicative of when the assignment was made. As this court is aware, the "recording of the assignment was not a condition precedent to the right of foreclosure." *Morales*, 2009-Ohio-5635, at ¶ 32; *U.S. Bank Natl. Assn. v. Mitchell*, 6th Dist. No. 5-10-043, 2012-Ohio-3732, ¶ 20 ("an unrecorded assignment on the date of the complaint is

12

valid, except as to subsequent bona fide purchasers for value"); *Wead v. Kutz*, 161 Ohio App.3d 580, 2005-Ohio-2921, 831 N.E.2d 482, ¶ 16 (12th Dist.) ("the issue of when the mortgage assignment was recorded becomes relevant only to the extent of establishing creditor priority," whereas "[t]he validity of the mortgage itself remains unaffected by the timing of the assignment's recordation.").

**{¶46}** The majority dismisses the implications of Shaffer's failure to plead by reiterating that New York Mellon's claim to be a holder of the note is "merely conclusory," and that New York Mellon did "not include any detail as to when or how it obtained the note." *Supra* at ¶ 29. Again, the majority fails to support this proposition, which is wholly contrary to the pleading requirements of Civil Rule 8, by citation to any authority. *U.S. Bank, N.A. v. Turner*, 6th Dist. No. E-11-059, 2012-Ohio-3413, ¶ 12 ("by pleading inter alia that it was the *holder* of a note secured by a mortgage, U.S. Bank satisfied the pleading requirements of Civ.R. 8(A) for its foreclosure claim").

**{¶47}** It is important to recognize that it cannot be said, based on the record before this court, whether the assignment of the note to New York Mellon occurred before or after the filing of the Complaint. Either conclusion is perfectly consistent with the evidence. The determinative issue, however, is that New York Mellon claimed to be a holder at the time it filed the Complaint and the claim is deemed admitted by Shaffer's failure to plead. *Compare Deutsche Bank Natl. Trust Co. v. Rudolph*, 8th Dist. No. 98383, 2012-Ohio-6141, ¶ 23 ("[t]o reach a contrary decision [regarding standing], the trial court must *not* have construed Deutsche's factual allegations as true and must have considered matters outside of the record - both of which are expressly prohibited").

{¶48} The majority also fails to consider the fact that the February 25, 2010 Judgment and Decree in Foreclosure was a final order that was not appealed. Thus, it may not be challenged, as Shaffer has attempted, by a Civil Rule 60(B) motion.

{¶49} The Ohio Supreme Court has recently emphasized the significance of a final judgment, even by default, in a foreclosure action:

{¶50} Default judgment is the functional equivalent of a judgment following a trial. Civ.R. 55(B). * * * Ohio courts have previously held that an order of default judgment means that a trial has commenced for purposes of Civ.R. 41(A) and the matter has proceeded to verdict and final judgment. * * * Additionally, in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 149-150, 351 N.E.2d 113 (1976), this court stated, "Regardless of whatever else may be said of a default judgment, it is a judgment. It is as good as any other judgment. *It is a final determination of the rights of the parties.*" (Emphasis added.) * * * That this default judgment occurred within a foreclosure proceeding does not make the judgment any less final.

*Countrywide Home Loans Servicing v. Nichpor*, __ Ohio St.3d __, 2013-Ohio-2083, __ N.E.2d __, ¶ 5-6.

{¶51} It is equally well-established that "[a] party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal." *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus. This means that "a proper Civ.R. 60(B) motion cannot be predicated upon an argument or point

which could have been asserted in a direct appeal." *Karnofel v. Girard Police Dept.*, 11th Dist No. 2009-T-0045, 2009-Ohio-4446, ¶ 10; *Key v. Mitchell*, 81 Ohio St.3d 89, 90-91, 689 N.E.2d 548 (1998).

**{¶52}** Contrary to this authority, the majority contends that New York Mellon's alleged lack of standing deprived the trial court of its subject-matter jurisdiction, which "can be raised at any state of the proceedings and can be raised for the first time on appeal." *Supra* at ¶ 29. The majority misinterprets the *Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, decision.[1]

**{¶53}** *Schwartzwald* did state that "standing to sue is required to invoke the jurisdiction of the common pleas court," *id.* at ¶ 24, but it did not state that the common pleas court lacked subject-matter jurisdiction where a party lacked standing to sue. In fact, there is "a distinction between a court that lacks subject-matter jurisdiction over a case and a court that improperly exercises that subject-matter jurisdiction once conferred upon it." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 10.

**{¶54}** "Jurisdiction" means "the courts' statutory or constitutional power to adjudicate the case." (Emphasis omitted.) *Steel Co. v. Citizens for a Better Environment* (1998)*,* 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210; *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 87, 61 O.O.2d 335, 290 N.E.2d 841, paragraph one of the syllabus. The term encompasses jurisdiction over the subject matter and over the person. *State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, 769

---

1. The *Schwartzwald* decision does not contain any substantive discussion of, and only a passing reference to, a court's subject-matter jurisdiction.

15

N.E.2d 846, ¶22 (Cook, J., dissenting). Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time. *United States v. Cotton* (2002), 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860; *State ex rel. Tubbs Jones v. Suster* (1998), 84 Ohio St.3d 70, 75, 701 N.E.2d 1002. * * *

{¶55} The term "jurisdiction" is also used when referring to a court's exercise of its jurisdiction over a particular case. See *State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, ¶20 (Cook, J., dissenting); *State v. Swiger* (1998), 125 Ohio App.3d 456, 462, 708 N.E.2d 1033. "'The third category of jurisdiction [i.e., jurisdiction over the particular case] encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction. It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable.'" *Parker* at ¶22 (Cook, J., dissenting), quoting *Swiger*, 125 Ohio App.3d at 462, 708 N.E.2d 1033. "Once a tribunal has jurisdiction over both the subject matter of an action and the parties to it, '* * * the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred * * *.'" *State ex rel. Pizza v. Rayford*

16

(1992), 62 Ohio St.3d 382, 384, 582 N.E.2d 992, quoting *Sheldon's Lessee v. Newton* (1854), 3 Ohio St. 494, 499.

*Id.* at ¶ 11-12.

{¶56} In the present case, as in *Schwartzwald*, the trial court had subject matter jurisdiction of the action and the parties. Assuming, arguendo, that New York Mellon improperly invoked that jurisdiction by lacking the requisite standing to sue, i.e., a sufficient stake in an otherwise justiciable controversy, the court's judgment is merely voidable, not void ab initio. *State v. Filiaggi*, 86 Ohio St.3d 230, 240, 714 N.E.2d 867 (1999) ("[w]here it is apparent from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present[;] [a]ny subsequent error in the proceedings is only error in the 'exercise of jurisdiction,' as distinguished from the want of jurisdiction in the first instance") (citation omitted).

{¶57} Accordingly, the majority errs in its conclusion that Shaffer did not need to comply with the requirements of Civil Rule 60(B) on the grounds that the underlying judgment is void. *PNC Bank, Natl. Assn. v. Botts*, 10th Dist. No. 12AP-256, 2012-Ohio-5383, ¶ 22 ("[l]ack of standing challenges the capacity of a party to bring an action, not the subject matter jurisdiction of the court") (citation omitted). On this issue, *Schwartzwald* stated that "the issue of standing, inasmuch as it is jurisdictional in nature, may be raised at any time during the pendency of the proceedings." 132 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, at ¶ 22 (citation omitted). The key words are "during the pendency of the proceedings." In *Nichpor*, the Ohio Supreme Court made it clear that, after a judgment entry grants a decree of foreclosure and order of

17

sale, the matter is no longer pending. __ Ohio St.3d __, 2013-Ohio-2083, __ N.E.2d __, at syllabus.

**{¶58}** This court's other post-*Schwartzwald* decisions similarly confuse a party's lack of standing to sue with the trial court's lack of subject-matter jurisdiction, and conclude that the issue of standing may be raised at any time. *See Self Help*, 2013-Ohio-868; *Fed. Home Mtge. Corp. v. Rufo*, 11th Dist. No. 2012-A-0011, 2012-Ohio-5930; and *BAC Home Loans Servicing, L.P. v. Meister*, 11th Dist. No. 2012-L-042, 2013-Ohio-873. Accordingly, their precedential value is compromised.

**{¶59}** In sum, New York Mellon properly pled its standing to invoke the trial court's jurisdiction. Its standing must be deemed admitted by virtue of Shaffer's failure to plead. The trial court's Judgment and Decree in Foreclosure and Reformation of Mortgage was a final order that cannot be challenged on issues that could have been raised on direct appeal. For the foregoing reasons, I respectfully dissent.