[Cite as *CitiMortgage, Inc. v. Oates*, 2013-Ohio-5077.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| CITIMORTGAGE, INC. SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO. 2013-T-0011** |
| - vs - | : | |
| RUSSELL OATES, JR., et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2008 CV 01441.

Judgment:  Affirmed.

*Brittany L. Griggs*, *John C. Greiner*, and *Harry W. Cappel*, Graydon Head & Ritchey LLP, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, OH  45202-3157 (For Plaintiff-Appellee).

*Daniel M. Solar*, *Grace M. Doberdruk*, and *Marc E. Dann*, Doberdruk & Harshman Law Office, 4600 Prospect Avenue, Cleveland, OH  44103 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}    Appellant, Russell Oates, Jr., appeals a final judgment of the Trumbull County Court of Common Pleas, confirming the sale in foreclosure of certain real property and ordering distribution of the proceeds.  As the sole basis for the appeal, appellant contends that confirmation of the sale was inappropriate because appellee, CitiMortgage Inc., never established that it had standing to bring the action.  This court

concludes that the substance of his "standing" argument is not properly before us in the context of this appeal.

{¶2}　In October 2001, appellant purchased property on Coal Road in Vienna, Trumbull County, Ohio. To finance the purchase, he entered into a loan agreement with ABN AMRO Mortgage Group for the amount of $120,000. In addition to executing a promissory note, appellant granted ABN AMRO a mortgage on the land for the entire sum owed.

{¶3}　In May 2008, appellee instituted a foreclosure action against appellant in relation to the Coal Road property. As the grounds for its complaint, appellee asserted that appellant was in default on its loan agreement with ABN AMRO. In the caption of its complaint, appellee stated that it was the successor in interest to ABN AMRO in light of a corporate merger. However, the only document attached to the complaint was a copy of the mortgage executed by appellant in favor of ABN AMRO. Appellee failed to submit any documents pertaining to its alleged merger with ABN AMRO.

{¶4}　Within one week of the filing of the case, appellant moved to dismiss the complaint on the basis that he had recently made the necessary payments to bring the loan up-to-date. After appellee responded, the motion to dismiss was scheduled for an oral hearing in November 2008. On the date of the hearing, appellant moved for a two-week continuance, and no further proceedings were held in the case over the next ten months. In September 2009, the trial court rendered a judgment denying the motion to dismiss.

{¶5}　Approximately two months later, appellee submitted a motion for default judgment on its complaint. The certificate of service accompanying the motion stated

that a copy was mailed to appellant. However, he never responded to the default request. In February 2010, the trial court granted appellee a default judgment, expressly finding that appellant owed the principal sum of $87,519.73 under the promissory note. Based on this, the court ordered that, unless appellant paid the total amount owed within three days, his equity of redemption would be foreclosed and a sheriff's sale of the Coal Road property would be held.

{¶6} When appellant did not exercise his equity of redemption, appellee filed a praecipe for an order of sale, and the county sheriff scheduled the sale of the property for late January 2011. Before the sale could proceed, though, appellee was permitted to withdraw the property from the scheduled sale. Appellee then moved to reform the mortgage and underlying deed in light of a mutual mistake regarding which parcel of land was intended to be encumbered. After appellant again failed to submit a response, the trial court granted the motion to reform.

{¶7} The sheriff's sale was ultimately re-scheduled for August 16, 2012. Two days before the new date, appellant filed two motions: (1) to stay the sheriff's sale; and (2) to vacate the default foreclosure decree under Civ.R. 60(B). As the primary basis for the motion to vacate, appellant argued that the default judgment was void due to a lack of jurisdiction because appellee failed to attach sufficient documentation to its complaint to establish that it had standing to bring the foreclosure action. Specifically, he asserted that appellee was required to attach a copy of the promissory note and any documents necessary to establish its alleged merger with ABN AMRO.

{¶8} The trial court immediately denied the motion to stay; as a result, the sale of the property proceeded as scheduled. The trial court then set an oral hearing on the

3

motion to vacate for October 5, 2012. On the same date as the hearing, appellee filed its written response to the motion to vacate. Concerning the promissory note, appellee emphasized that, within six months of the filing of its complaint, it had submitted a copy of the note to the trial court as part of a supplemental notice. In relation to the merger, appellee stated that the necessary documentation was attached to its present response.

{¶9} After conducting the oral hearing, the trial court issued a new judgment overruling appellant's motion to vacate the default/foreclosure judgment. Appellant did not pursue an immediate direct appeal from this particular determination.

{¶10} No other dispositive motions were filed in the underlying action. Exactly two months after releasing its judgment on the motion to vacate, the trial court rendered its final ruling confirming the sheriff's sale of the property, ordering deliverance of the deed to the new titleholder, and ordering the distribution of the sale proceeds. This ruling did not contain any new determination regarding whether appellee had standing to bring the foreclosure complaint against appellant.

{¶11} In appealing the confirmation ruling, appellant raises a single assignment of error for review:

{¶12} "The trial court erred by confirming the sale of Appellant's property as the judgment of foreclosure was rendered *void ab initio* for lack of jurisdiction."

{¶13} In essentially seeking a declaration that the trial court's foreclosure order in its February 2010 default judgment is not enforceable as void, appellant first contends that the "standing" question can be addressed in an appeal from the confirmation of the sheriff's sale because subject matter jurisdiction can be challenged at any stage of an action. Second, he argues that his motion to vacate the default judgment should have

4

been granted because the documents attached to appellee's complaint were insufficient to establish that it was the present holder of the underlying promissory note as a result of its alleged merger with ABN AMRO.

{¶14} However, the "standing" issue cannot be addressed in this appeal because the issue could have been raised in a direct appeal from the denial of appellant's motion to vacate the default judgment.

{¶15} As a general proposition, in order for a trial court to have the authority to proceed on a foreclosure complaint, the plaintiff must first show it has standing to bring the case. *Wells Fargo Bank NA v. Horn*, 9th Dist. Lorain No. 12CA010230. 2013-Ohio-2374, ¶11. Under current Ohio law, standing is considered a jurisdictional requirement. *Federal Home Loan Mort. Corp v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶22.

{¶16} As a preliminary point, since the issuance of the *Schwartzwald* decision in October 2012, this court has released a number of opinions in which a majority of our judges, including this writer, has either expressly held or implied the lack of standing results in a lack of subject matter jurisdiction. *See, e.g., Bank of New York Mellon Trust Co., N.A. v. Shaffer*, 11th Dist. Geauga No. 2011-G-3501, 2013-Ohio-3205, ¶25; *Federal Home Loan Mort. Corp. v. Rufo*, 11th Dist. Ashtabula No. 2012-A-0011, 2012-Ohio-5930, ¶15. Since this reference to subject matter jurisdiction has not been dispositive of our "standing" analysis in these prior opinions, we have not provided a complete explanation as to why a lack of standing amounts to the lack of subject matter jurisdiction. In *Schwartzwald,* the court noted that a challenge to the plaintiff's standing can be made "'at any time during the pendency of the proceedings.'" *Schwartzwald*, at

5

¶22, quoting *New Boston Coke Corp. v. Tyler*, 32 Ohio St.3d 216, 218 (1987). Given that subject matter jurisdiction can also be contested at any stage of a case, the two concepts have similarities. Nevertheless, they are not one and the same.

{¶17} Upon further consideration of the point, our prior references to subject matter jurisdiction in the context of a "standing" analysis were misplaced. First, even though the *Schwartzwald* court indicated that standing raises a "jurisdictional" issue, the opinion never uses the term "subject matter" to describe the nature of the issue; instead, standing is deemed jurisdictional as a consequence of the constitutional requirement of a justiciable controversy. Second, the two concepts are not synonymous simply because the time frames for raising each of them in a case are similar. Third, and most importantly, the two concepts address totally different points of law. In recently discussing the concept of standing in the context of a foreclosure case, the Fifth Appellate District stated:

{¶18} "There is a clear distinction between the requirements of subject matter jurisdiction and standing. Standing focuses on injury, causation, and redressability between a plaintiff and defendant in a case, while subject matter jurisdiction focuses on the court's power and ability to hear and decide a case. A lack of standing argument challenges the capacity of a party to bring an action, not the court's statutory or constitutional power to adjudicate the case and thus is distinguishable from a lack of subject matter jurisdiction argument." *Wells Fargo Bank, N.A. v. Elliott*, 5th Dist. Delaware No. 13 CAE 03 0012, 2013-Ohio-3690, ¶11.

{¶19} Again, although our references to subject matter jurisdiction did not adversely affect the validity of the legal analyses in our prior opinions, it was incorrect to

6

equate standing with subject matter jurisdiction. The issue of standing must be viewed as a separate jurisdictional requirement, the resolution of which is predicated on distinct facts and legal principals. Pursuant to *Schwartzwald*, the sole similarity of standing and subject matter jurisdiction is that the initial challenge to each requirement can be made at any time while the underlying case is pending.

{¶20} However, once a jurisdictional challenge has been raised at the trial level and duly considered by the trial court, the defendant cannot delay in pursuing an appeal of the jurisdictional ruling:

{¶21} "[W]here a person appears in an action for the purpose of contending that a judgment is void as a judgment against him, such person thereby submits to the court for its determination the question whether such judgment is or is not void as a judgment against him; and, if the court determines that such judgment is not void as a judgment against him, even though that determination is erroneous on the facts and on the law, the determination is *res judicata* between the parties and can only be attacked directly by an appeal therefrom." *Claxton v. Simons*, 174 Ohio St. 333, 337 (1963).

{¶22} In *Claxton*, the defendant moved to vacate a default judgment on the basis of a lack of proper service of the complaint. After the trial court denied her motion, the *Claxton* defendant did not immediately appeal that ruling. However, when the trial court rendered a subsequent judgment against the defendant's insurer, she filed an appeal at that time and tried to argue the merits of her motion to vacate. Even though the *Claxton* appellate court considered the substance of the defendant's jurisdictional argument, the Supreme Court held that it was too late for the defendant to appeal the determination on the motion to vacate, and that the trial court's ruling on the jurisdictional question was

7

binding under res judicata. *Id.*

{¶23} *Claxton* involved an issue of personal jurisdiction; i.e., service of process. Nevertheless, subsequent courts have followed the *Claxton* logic in regard to issues of subject matter jurisdiction. *See Smith v. Bradshaw*, 5th Dist. Richland No. 05-CA-66, 2005-Ohio-5403, ¶13; *Rindfleisch v. Aft, Inc.*, 8th Dist. Cuyahoga Nos. 84551, 84897, & 84917, 2005-Ohio-191, ¶8. "Where the issue of subject matter jurisdiction has been litigated, the proceedings upon that determination are not void, but voidable by direct appeal. *Gaverick v. Hoffman* (1970), 23 Ohio St.2d 74." *Hughes v. Cz*, 8th Dist. Cuyahoga No. 39148, 1979 Ohio App. LEXIS 10912, *4-5 (July 19, 1979).

{¶24} Even though standing is distinct from subject matter jurisdiction, the broad language in *Schwartzwald* demonstrates that the Supreme Court intended to afford a foreclosure defendant virtually the same temporal latitude in raising a challenge to the plaintiff's standing as is afforded for a "subject matter" challenge. On the other hand, there is no indication that the Supreme Court intended for the time frame of a "standing" challenge to be greater than the time frame as to subject matter jurisdiction. Therefore, since the issue of subject matter jurisdiction can be waived when it is fully considered at the trial level and no timely appeal is taken from the trial court's ruling, the same exception to the "no waiver" principle must also apply to a "standing" determination.

{¶25} In *Waterfall Victoria Master Fund Ltd. V. Yeager*, 11th Dist. Lake No. 2012-L-071, 2013-Ohio-3206, the lead opinion concluded that res judicata did not bar a foreclosure defendant from raising the issue of standing in a second appeal even though she had also asserted it in her first appeal. While that conclusion might appear to conflict with our foregoing analysis, *Yeager* is distinguishable on the basis that there

8

is no indication in the facts that the issue of standing was raised and fully considered prior to the first appeal. Moreover, although *Shaffer*, 2013-Ohio-3205, involved a situation in which the foreclosure defendant challenged the plaintiff's standing in three prior motions before appealing the denial of her Civ.R. 60(B) motion for relief from default judgment, that case is also distinguishable because none of the trial court's rulings on the three prior motions were final appealable orders.

{¶26} In this case, appellant chose to raise his "standing" argument in his motion to vacate the prior default judgment. After appellee submitted a response to the motion, the trial court conducted an oral hearing on the matter, and then issued a written order overruling the motion. Therefore, appellant was afforded a full opportunity to litigate the "standing" issue. Furthermore, the denial of a motion to vacate a default judgment is a final appealable order. *Claxton*, 174 Ohio St. at paragraph one of the syllabus. Thus, if appellant desired to contest the merits of the trial court's ruling on the "standing" issue, he was obligated to bring a timely appeal from the "motion to vacate" judgment.

{¶27} Since appellant failed to pursue a timely appeal of the trial court's denial of his motion to vacate, the trial court's ruling on his "standing" argument is res judicata for purposes of the underlying foreclosure action, and cannot be reviewed in the context of a direct appeal from the separate "confirmation" judgment. Moreover, appellant has not raised any argument relating solely to the merits of the decision to confirm the sheriff's sale and order the distribution of the proceeds. Accordingly, because appellant has not asserted a viable reason for reversing the specific judgment that is the subject of this appeal, his sole assignment of error lacks merit.

{¶28} Pursuant to the foregoing, it is the judgment and order of this court that the

9

judgment of the Trumbull County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J., concurs,

DIANE V. GRENDELL, J., concurs with a Concurring Opinion.


_____


DIANE V. GRENDELL, J., concurs with a Concurring Opinion.

{¶29} I concur in the majority's decision, affirming the judgment of the trial court, and its holding that standing cannot be equated with subject matter jurisdiction. I write separately to address two important points.

{¶30} First, I disagree with the determination that *Bank of New York Mellon Trust Co. v. Shaffer*, 11th Dist. Geauga No. 2011-G-3051, 2013-Ohio-3205, is distinguishable from the present matter and the resulting conclusion that reversal was appropriate in that matter. In a factual scenario such as the one present in *New York Mellon*, a Civ.R. 60(B) motion is an improper substitute for an appeal. When a final judgment and decree of foreclosure is entered, a defendant must directly appeal from such a judgment and cannot challenge it through a Civ.R. 60(B) motion. *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus ("[a] party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal"); *Karnofel v. Girard Police Dept.*, 11th Dist. Trumbull No. 2009-T-0045, 2009-Ohio-4446, ¶ 10. The judgment of the trial court in *New York Mellon*, like in the present case, should have been affirmed.

{¶31} Second, standing is not jurisdictional, as asserted by the majority, for the

10

reasons explained in my separate opinions in *Waterfall Victoria Master Fund Ltd. v. Yeager*, 11th Dist. Lake No. 2012-L-071, 2013-Ohio-3206, and *Self Help Ventures Fund v. Jones*, 11th Dist. Ashtabula No. 2012-A-0014, 2013-Ohio-868.

{¶32} With the foregoing reservations, I concur in the majority's judgment.