[Cite as *PennyMac Corp. v. Nardi*, 2014-Ohio-5710.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**


| | | |
|---|---|---|
| PENNYMAC CORP., | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | : | **CASE NO. 2014-P-0014** |
| - vs - | : | |
| LOIS J. NARDI, et al., | : | |
| Defendants-Appellants. | : | |


Civil Appeal from the Portage County Court of Common Pleas, Case No. 2013 CV 00048.

Judgment: Affirmed


*Chrissy M. Dunn* and *John R. Wirthlin*, Blank Rome LLP, 1700 PNC Center, 201 East Fifth Street, Cincinnati, OH 45202 (For Plaintiff-Appellee).

*Brian K. Duncan* and *Bryan D. Thomas*, Duncan Law Group, LLC, 600 South High Street, Suite 100, Columbus, OH 43215 (For Defendants-Appellants).


THOMAS R. WRIGHT, J.

{¶1} This appeal is from the Portage County Court of Common Pleas. Appellants Michael and Lois Nardi appeal the trial court's granting of summary judgment in favor of appellee PennyMac Corp. ("PennyMac") on PennyMac's foreclosure complaint. On appeal, appellants raise a variety of challenges to the summary judgment; however, their principal arguments concern whether PennyMac, and its predecessor-in-interest J.P. Morgan Chase Bank, N.A. ("Chase") had standing

to initiate and continue the foreclosure action, and whether PennyMac was a holder in due course of the note or mortgage. For the following reasons, we affirm.

{¶2} In June 2004, Lois Nardi, signed and delivered a note in the amount of $256,105 to Chase Manhattan Mortgage Corp., Chase's predecessor-by-merger. As security for the note, appellants executed and delivered a mortgage on the property to Chase's predecessor in the same amount as the note. In May of 2011, Chase acquired the note through merger, and in October 2012, Lois defaulted on the note. Chase accelerated the balance due on the note and eventually filed a complaint for foreclosure.

{¶3} Later, Chase moved for summary judgment by supplying an affidavit averring that Lois was in default of both the note and the mortgage and that Chase possessed the note prior to and during this litigation. In response, appellants filed a combined motion for an extension of time to respond to the summary judgment motion to permit discovery, and a brief in opposition to summary judgment. No evidence was attached to the brief in opposition to summary judgment; however, the trial court permitted appellants time to obtain discovery. In February of 2014, Chase moved to substitute PennyMac as the party plaintiff as PennyMac was the current holder of the note and mortgage. The following month, and approximately eight months after the trial court ruled that it would give appellants time to acquire discovery, the trial court granted summary judgment in favor PennyMac. Appellants did not provide a supplemental brief in opposition to summary judgment before the trial court's ruling.

{¶4} As the sole assignment of error, appellants assert:

2

{¶5} "The trial court abused its discretion by granting JPMorgan Chase National Association's motion for summary judgment because there were issues of fact and appellee was not entitled to judgment as a matter of law."

{¶6} Within this assignment of error, appellants argue that there are multiple issues of material fact in dispute such as (1) whether Chase or PennyMac breached the note and mortgage, (2) whether Chase and PennyMac had standing to litigate, (3) whether Chase or PennyMac were holders in due course, (4) something concerning the "allocation of payments," (5) something concerning the doctrine of unclean hands, (6) whether the mortgage was properly executed and (7) whether the appraisal or the amount owed on the underlying loan was established.

{¶7} Arguments 1 and 4-7 are dismissed for violating App.R. 16(A)(7). App.R. 16(A)(7) states in pertinent part that a brief must make "'[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions . . . .'" In this regard, we have found that it is not the appellate court's responsibility to root out meritorious arguments for the parties. *Tally v. Patrick*, 11th Dist. Trumbull No. 2008-T-0072, 2009-Ohio-1831, ¶22. Within the first and last four arguments, appellants claim that there was some breach of the note or mortgage, something wrong with the allocation of payments, something concerning the doctrine of unclean hands, something concerning the execution of the mortgage, and something concerning the appraisal and amount owed; however, there is no further explanation beyond these mere allegations. As such, we have no ability to determine what errors appellants believe the trial court made.

{¶8} Even if we evaluated these arguments—whatever they might be—on the merits, appellants would still lose. Civ.R. 56(E) states in pertinent part that the "[non-moving] party may not rest upon the mere allegations or denials of the [non-moving] party's pleadings, but the [non-moving] party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Appellants did not submit any evidence to the trial court to contest PennyMac's motion for summary judgment, nor have they explained how the motion for summary judgment was insufficient in regards to these alleged errors. Consequently, pursuant to Civ.R. 56(E), these conclusory arguments are insufficient to create a question of fact to defeat summary judgment.

{¶9} We now turn to standing. Appellants allege that Chase and PennyMac failed to prove at each stage of the litigation they had standing. In regard to Chase, although appellants acknowledge that Chase attached a copy of the note, mortgage and certificates of merger to the complaint, appellants claim that these documents were insufficient to demonstrate Chase or PennyMac had standing. Appellants also argue that the complaint or "other pleadings" may not have been properly executed. In regard to PennyMac, appellants argue that PennyMac did not have standing to litigate because they did not have standing when the action commenced.

{¶10} Appellants have provided no evidence the complaint or "other pleadings" were improperly executed so as to defeat summary judgment. Rather, this argument, like the arguments previously discussed, is a conclusory, speculative argument that violates App.R. 16(A)(7) and otherwise is insufficient to defeat summary judgment pursuant to Civ.R. 56(E).

**{¶11}** "As a general proposition, in order for a trial court to have the authority to proceed on a foreclosure complaint, the plaintiff must first show it has standing to bring the case. *Wells Fargo Bank NA v. Horn*, 9th Dist. Lorain No. 12CA010230, 2013-Ohio-2374, ¶11. Under current Ohio law, standing is considered a jurisdictional requirement. *Federal Home Loan Mort. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶22, 979 N.E.2d 1214." *CitiMortgage, Inc. v. Oates*, 11th Dist. Trumbull No. 2013-T-0011, 2013-Ohio-5077, ¶15. In *Schwartzwald*, the Ohio Supreme Court determined that Ohio standing jurisprudence required plaintiffs in foreclosure actions to establish an interest in the note or mortgage when the complaint was filed, and that acquisition in the note or mortgage after the complaint was filed could not cure the initial lack of standing. *Schwartzwald*, ¶28, 39.

**{¶12}** Whether a plaintiff has standing to initiate a foreclosure action turns on whether they are a person entitled to enforce the instrument at issue. *See United States Bank Natl. Assn. v. Gray*, 10th Dist. Franklin No. 12AP-953, 2013-Ohio-3340, ¶23. R.C. 1303.31(A) identifies three classes of persons who are "entitled to enforce" an instrument, such as a note: (1) the holder of the instrument, (2) a nonholder in possession of the instrument who has the rights of a holder, and (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to R.C. 1303.38 or R.C. 1303.58(D). With respect to negotiable instruments, "holder" means either: "(a) If the instrument is payable to bearer, a person who is in possession of the instrument; [or] (b) If the instrument is payable to an identified person, the identified person when in possession of the instrument." R.C. 1301.01(T)(1).

5

{¶13} "An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." R.C. 1303.22(A). The transfer of an instrument vests in the transferee any right of the transferor to enforce the instrument. R.C. 1303.22(B). "Negotiation" is a form of transfer. Specifically, "negotiation" means "a voluntary or involuntary transfer of possession of an instrument by a person other than the issuer to a person who by the transfer becomes the holder of the instrument." R.C. 1303.21(A). "Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its endorsement by the holder. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone." R.C. 1303.21(B).

{¶14} Finally, to establish standing at the pleading stage, Chase was only required to plead facts that were sufficient to survive a motion to dismiss. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). When evaluating a motion to dismiss, an appellate court accepts the allegations in the complaint as true, construes all inferences in favor of the non-moving party and will only dismiss a complaint if it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *Monroe v. Forum Health*, 11th Dist. Trumbull No. 2012-T-0026, 2012-Ohio-6133, ¶24, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. Although courts are normally limited to the four corners of the complaint in determining a motion to dismiss, in foreclosure actions, we must also look to the attached note and mortgage. *See Deutsche Bank Natl. Trust Co. v. Rudolph*, 8th Dist. Cuyahoga No. 98383, 2012-Ohio-6141, ¶20, 27-28 (noting the

6

general rule, and looking to the note and mortgage to determine if the action should not be dismissed); *Bank of N.Y. Mellon Trust Co., N.A. v. Shaffer*, 11th Dist. Geauga No. 2011-G-3051, 2013-Ohio-3205, ¶27-28 (finding mortgagee lacked standing for not attaching the note and mortgage to the complaint); Civ.R. 10(D)(1) (requiring attachment of notes and mortgages to complaints).

{¶15} Here, attached to the complaint were copies of the note between Lois Nardi and Chase Manhattan Corp., which was made payable to the latter. An endorsement in blank by Chase Manhattan Corp. was also attached to the complaint, as were the certificate of merger establishing that Chase Manhattan Corp. merged into Chase. A copy of the mortgage was also attached. Finally, within paragraph eight of Chase's complaint, it alleged that it was a "person entitled to enforce the Note, pursuant to Section 1303.31 of the Ohio Revised Code, and the Mortgage was given to secure the Note." Based on this allegation, coupled with the attached documents, Chase could have survived a motion to dismiss for lack of standing.

{¶16} PennyMac also had standing when it was substituted as party plaintiff in this matter. Before Chase moved to substitute PennyMac, it moved for summary judgment and provided an affidavit of Richard Eubanks, a Vice President of Chase, which in pertinent part averred that Chase possessed the note at the time of filing and during the litigation. In Chase's motion to substitute PennyMac it noted that PennyMac was now the holder of the note and mortgage and attached a valid assignment of the mortgage demonstrating such. The trial court subsequently granted the motion. Nothing here demonstrates a broken chain in standing. Furthermore, Eubanks

7

averment, coupled with the assignment of the mortgage, constitutes sufficient evidence to establish standing at the summary judgment stage.

{¶17} Next, appellants challenge the validity of the assignment of the mortgage from Chase to PennyMac on the basis that appellants were "or may have been, unaware of these alleged assignments." Appellants further assert that Chase never produced the originals of the note or mortgage for appellants' inspection. Moreover, appellants argue that appellee is not in possession of the note. In regard to these last two arguments, appellants' attorney does not explain how these allegations if true constitute reversible error, and so we elect not to consider them pursuant to App.R. 16(A)(7). Even if we did consider these arguments, appellants did not raise these arguments to the trial court below, and therefore, these arguments are waived. *Hollish v. Maners*, 5th Dist. Knox No. 2011CA000005, 2011-Ohio-4823, ¶44. As to the validity of the assignment, appellants lack standing to challenge the assignment as they were not a party to the assignment and the assignment did not change their obligations under the mortgage. *Waterfall Vict. Master Fund v. Yeager*, 11th Dist. Lake No. 2012-L-071, 2013-Ohio-3206, ¶21.

{¶18} Finally, appellants challenge the validity of the affidavit in support of Chase's summary judgment motion. First, appellants argue that the attached affidavit solely relies upon "buzz words" and makes "blanket legal conclusions." Next, appellants assert without any elaboration that the affidavit fails to comply with Civ.R. 56(E). Finally, appellants argue that the affidavit fails to lay the foundation for admitting information obtained from business records.

8

{¶19} In regard to the first argument, it appears that appellants protest Chase's use of what appears to be a boilerplate affidavit; however, there is nothing wrong with such affidavits so long as the information averred in them are true. Furthermore, none of the averments in the affidavits were conclusory. As to the Civ.R. 56(E) argument, we will not evaluate this argument, pursuant to App.R. 16(A)(7), as appellants fail to identify what part(s) of Civ.R. 56(E) was violated and how the supporting affidavit violated Civ.R. 56(E). Lastly, Evid.R. 803(6), the business records hearsay exception, states that for a document to be admitted under this rule, the proponent must demonstrate that the document was "made at or near the time by, or from information transmitted by, a person with knowledge[,] * * * kept in the course of a regularly conducted business activity," and that "it was the regular practice of that business activity to make the [document] as shown by the testimony of the custodian or other qualified witness * * *."

{¶20} The fifth paragraph of Chase's supporting affidavit states:

{¶21} "I have access to Chase's business records, including the business records for and relating to [Lois's] loan. I make this affidavit based upon my review of Chase's records relating to [Lois's] loan, including copies of the Note and the Mortgage, and records from Chase's electronic servicing system, MSP, and from my own personal knowledge of how such records are kept and maintained. I have personally verified the accuracy of the factual information in this Affidavit based on my review of Chase's business records. The loan records for [Lois] are maintained by Chase in the course of its regularly conducted business activities and are made at or near the time of the event, by or from information transmitted by a person with

9

knowledge. It is the regular practice to keep such records in the ordinary course of a regularly conducted business activity."

**{¶22}** Accordingly, Chase's affidavit laid the foundation for admission of evidence from the business records exception. Consequently, the sole assignment of error is without merit.

**{¶23}** The judgment of the Portage County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

10